IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAIME FORNARI,<br><br>      Plaintiff,<br><br>vs.<br><br>JOSE MIGUEL FIGEREDO GUILLEN, et al.,<br><br>      Defendants. | 4:19-CV-3030<br><br>ORDER |

  This matter is before the Court on the motion to strike (filing 68) filed on behalf of crossclaim defendants Apple Transport, LTD and Tanraj Singh Bookher. Briefly summarized, the movants' argument is that although the plaintiff filed an amended complaint (filing 52), to which defendant Beco Inc. filed an amended answer (filing 58), Beco was nonetheless not entitled to include an amended crossclaim against them in its amended answer.

  But as the Eighth Circuit has recognized, an amended complaint supersedes an original complaint and renders the original complaint without legal effect. *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). So, when an amended complaint has been filed, a defendant generally has 14 days to file an amended answer. *See* Fed. R. Civ. P. 15(a)(3). As noted, once an amended pleading is interposed, "the original pleading no longer performs any function in the case[.]" Charles A. Wright & Arthur Miller, 6 Federal Practice & Procedure § 1476 (3d ed. 2017).

  So pursuant to Rule 15, Beco was *required* to file an amended answer. "No option is given to merely stand on preexisting pleadings made in response to an earlier complaint." *Bremer Bank, Nat. Ass'n v. John Hancock Life Ins. Co.*, 2009 WL 702009, at *12 (D. Minn. 2009); *accord Certain Underwriters at*

*Lloyd's v. S. Pride Trucking, Inc.*, No. 8:16-CV-116, 2017 WL 4325726, at *2 (D. Neb. Sept. 27, 2017); *see Gen. Mills, Inc. v. Kraft Foods Glob.*, 495 F.3d 1378, 1381 (Fed. Cir. 2007); *Ellering v. Sellstate Realty Sys. Network*, 801 F. Supp. 2d 834, 838 n.4 (D. Minn. 2011). Beco had both the right and the obligation to amend its pleading. *See id.*; *see also* Wright and Miller, § 1483. And had Beco failed to reassert its crossclaim, the crossclaim would no longer have been pending. *See Gen. Mills, Inc.*, 495 F.3d at 1381.

That's certainly dispositive of Apple Transport's argument. Except for some minor wording changes, Beco's amended crossclaim against Apple Transport is effectively the same. *Compare* filing 30 at 6-7, *with* filing 58 at 6-7. Beco merely reasserted the claim in its amended answer, as it was required to do. Bookher's argument fares no better—he wasn't named as a defendant in the superseded complaint, and was added as a defendant only in the amended complaint. Because the amended complaint substantively changed the claims by adding a new defendant, Beco was entitled to assert a crossclaim against the new defendant in its amended answer without leave of court. *See Tralon Corp. v. Cedarapids, Inc.*, 966 F. Supp. 812, 832 (N.D. Iowa 1997), *aff'd*, 205 F.3d 1347 (8th Cir. 2000). Accordingly,

IT IS ORDERED that Apple Transport and Bookher's motion to strike (filing 68) is denied.

Dated this 11th day of October, 2019.

BY THE COURT:

*[signature: John M. Gerrard]*

John M. Gerrard
Chief United States District Judge