# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAIME FORNARI,<br><br>    Plaintiff,<br><br>vs.<br><br>JOSE MIGUEL FIGEREDO GUILLEN, SOLER & SOLER HAULING, INC., TANRAJ SINGH BOOKHER, APPLE TRANSPORT LTD, MARTIN HOTTON, GERRY MERCER TRUCKING INC., JEFFREY A. CLARK, BECO INC., JOHN LANZ, SHELLY L. LANZ, and A PLUS TRUCKING,<br><br>    Defendants. | 4:19CV3030<br><br>ORDER |

This matter comes before the Court on defendant Jeffery Clark's Motion to Dismiss or Quash (Filing No. 67) pursuant to Fed. R. Civ. P. 12(b)(5). Clark did not file a brief or index of evidence in support of his motion,[1] and Plaintiff did not file any opposition to the motion.[2] For the following reasons, the Court will deny the motion.

## BACKGROUND

Plaintiff filed this action on April 2, 2019, against Clark and ten other defendants, seeking damages arising out of a multiple vehicle collision on I-80 in Hamilton County, Nebraska. (Filing No. 1). On June 10, 2019, the clerk of court issued Plaintiff's requested summons for Clark at an address in Aurora, Colorado. (Filing No. 5 at pp. 13-14). Plaintiff did not return the summons or otherwise show that Clark had been served, so on August 5, 2019, the Court entered an order requiring Plaintiff to show cause why the case should not be dismissed pursuant to Fed. R. Civ. P. 4(m), as more than 90-days had passed since Plaintiff filed the Complaint. (Filing No. 27). In response to the Order to Show Cause, Plaintiff's counsel represented to the Court that he believed

---

[1] "A motion raising a substantial issue of law must be supported by a brief filed and served together with the motion." NECivR. 7.1(a)(1). "If a motion requires the court to consider any factual matters not stated in the pleadings, when filing the supporting brief the moving party must also file and serve supporting evidentiary materials not previously filed." NECivR 7.1(a)(2)(A).

[2] "Failure to file an opposing brief is not considered a confession of a motion but precludes the opposing party from contesting the moving party's statement of facts." NECivR 7.1(b)(1)(C).

he had a current address for Clark and requested leave to file an alias summons. (Filing No. 36). The Court granted Plaintiff's request and extended the service of process deadline for Clark to September 23, 2019. (Filing No. 37).

On August 19, 2019, the clerk issued Plaintiff's requested Amended Summons to Clark at an address in South Bend, Indiana. (Filing No. 38). On September 19, 2019, Plaintiff returned that summons unexecuted. (Filing No. 50). On the same date, the clerk issued Plaintiff's third requested summons to Clark, "C/O BECO, INC." at an address in New Salem, North Dakota. (Filing No. 51). Defendant BECO, Inc. is Clark's employer. (Filing No. 52 at ¶ 8; Filing No. 58 at ¶ 3). On September 23, 2019, Plaintiff returned that summons executed. (Filing No. 53). Plaintiff's proof of service indicates the summons was sent by certified mail to BECO's home office New Salem, North Dakota, and the return receipt was signed by "E. Hoovestol" on the same date. (Filing No. 53; Filing No. 67). Clark, through counsel for BECO, filed the instant motion on October 9, 2019, asking the Court to quash the summons or dismiss the action against him because he has not waived service and was not served in a manner acceptable under Fed. R. Civ. P. 4(c) or (e). (Filing No. 67).

## ANALYSIS

A district court does not have jurisdiction over an improperly served defendant, "whether or not [the defendant] had actual notice of the lawsuit." *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 885-86 (8th Cir. 1996)(citing *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993)). Rule 4(e) provides that an individual may be served by "following state law for serving a summons . . . in the state where the district court is located or where service is made," Fed. R. Civ. P. 4(e)(1), or by "delivering a copy of the summons and of the complaint to the individual personally," "leaving a copy of each at the individual's dwelling or usual place of abode . . ." or by "delivering a copy of each to an agent authorized by appointment or by law to receive service of process," Fed. R. Civ. P. 4(e)(2).

Plaintiff chose to serve Clark by certified mail in North Dakota. Nebraska law permits service of an individual by certified mail, return receipt requested. See Neb. Rev. Stat. §§ 25-505.01(1)(c) & 25-508.01. The statute "does not require service to be sent to the defendant's residence or restrict delivery to the addressee," and therefore certified mail may be sent to the defendant's place of employment and be signed for by another employee. *Anthony K. v. State*,

2

534, 855 N.W.2d 802, 811 (Neb. 2014); see also John Lenich, Nebraska Practice Series, Civil Procedure, Service on individuals—Certified mail service, 5 Neb. Prac., Civil Procedure § 10:9 (West 2019)("There is no requirement in the statute that the papers be sent to the defendant's residence. Therefore, they can be sent to the defendant's place of employment if the sender chooses to do so. Likewise, there is no requirement that the sender use restricted delivery. Therefore, the papers can be signed for by someone other than the defendant."). Nevertheless, "due process requires notice to be reasonably calculated to apprise interested parties of the pendency of the action and to afford them the opportunity to present their objections." *Anthony K.*, 855 N.W.2d at 811.

Plaintiff complied with Nebraska law by sending the summons and complaint by certified mail to Clark's employer and filing a signed return receipt. And, the Court concludes from the record that due process has been satisfied. BECO has admitted Clark is its employee, (Filing No. 52 at ¶ 8; Filing No. 58 at ¶ 3), and further admits that Clark was driving a BECO semi-trailer and was acting within the scope of his employment with BECO at the time of the accident at issue in this litigation, (Filing No. 52 at ¶¶ 30-33; Filing No. 58 at ¶ 17). Etheleen Hoovestol is BECO's agent who accepted service in this case on behalf of BECO at the same address in New Salem where Clark was served. (Filing No. 5 at p. 15). BECO's counsel filed the instant motion on behalf of Clark sixteen days after Hoovestol received the summons. (Filing No. 67). Given BECO's admissions, the Court finds that Plaintiff's service of process to BECO's agent was reasonably calculated to apprise Clark of the pendency of this action.

Additionally, North Dakota law permits service by "any form of mail or third-party commercial delivery addressed to the individual to be served and requiring a signed receipt and resulting in delivery to that individual." N.D. R. Civ. P. 4(d)(2)(A) (emphasis added). "[A] rebuttable presumption of valid service of process arises when a return receipt for certified mail is signed, and that the signator, if not the addressee, will be presumed to have acted as the agent of the addressee authorized to accept service in the absence of proof to the contrary." *Monster Heavy Haulers, LLC v. Goliath Energy Servs., LLC*, 883 N.W.2d 917, 924 (N.D. 2016). Once the plaintiff presents a prima facie case of valid service via a signed certified mail receipt—even if the signator is not the addressee—the burden shifts to the individual contesting service to "to present facts and documentation to establish service of process was insufficient." *Id.* at 926.

Plaintiff filed a signed certified mail receipt, which is prima facie evidence of valid service under North Dakota law. Clark did not present any evidence in support of his motion. Nor does Clark actually claim Etheleen Hoovestol was unauthorized to accept service on his behalf—the motion merely states Plaintiff did not allege she was Clark's agent. Therefore, Clark has failed to rebut the presumption that he was validly served by certified mail under North Dakota law. Accordingly,

**IT IS ORDERED** that Defendant Jeffrey Clark's Motion to Dismiss or Quash ([Filing No. 67](#)) is denied. Defendant Jeffrey Clark shall file a responsive pleading to the Amended Complaint ([Filing No. 52](#)) on or before November 19, 2019.

Dated this 4th day of November, 2019.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge