IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAIME FORNARI,<br><br>Plaintiff,<br><br>vs.<br><br>JOSE MIGUEL FIGEREDO GUILLEN, et al.,<br><br>Defendants. | 4:19-CV-3030<br><br>ORDER |
| KEVIN J. PALMER and CHRISTINA S. PALMER, Special Co-Administrators for the Estate of Jason Jeffrey Palmer, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>A PLUS TRUCKING, LLC, et al.<br><br>Defendants. | 8:19-CV-565<br><br>ORDER |

This matter is before the Court on the defendants' objection (filing 266) to the Magistrate Judge's order (filing 261) setting these consolidated cases for trial. The Court will overrule the defendants' objection.

These cases arise out of a terrible traffic accident on eastbound Interstate I-80 near Aurora, Nebraska, involving six tractor-trailer rigs and one passenger vehicle. Filing 211 at 2-3. The defendants (and cross- and counter-claimants) are the trucking companies and truck drivers, and the plaintiffs are the driver of the passenger vehicle, Jaime Fornari, and the Estate

of his deceased passenger and fiancé, Jason Palmer. *See* filing 52. As relevant, the Magistrate Judge set these cases for a consolidated 10-day jury trial to begin on June 13, 2021. Filing 261 at 1. The defendants object to the length of trial as well as the Magistrate Judge's failure, at this point, to bifurcate trial of liability and damages. *See* filing 266 at 3.

To start with, however, there is a matter of procedure the Court needs to address. This Court's rules quite clearly state that a party objecting to a Magistrate Judge's order "may not file a reply brief without the court's leave." NECivR 72.2(a). But the defendants filed a reply brief regardless. Filing 272. They haven't asked for any leave to do so, either before or after filing. Accordingly, the Court will grant the plaintiffs' motion (filing 273) to strike the defendants' reply brief.[1]

## BIFURCATION

It's not obvious to the Court what the defendants actually want with respect to bifurcation. In their objection, they ask the Court to *either* bifurcate the issues of liability and damages *or* separate the Estate's damages case from liability generally and Fornari's damages. *See* filing 266 at 3. But their brief is devoted almost entirely to explaining why it would unfairly prejudice them for Fornari's evidence of damages to be presented to the same jury as the Estate's.

---

[1] The plaintiffs also asked the Court, in their brief, to strike the defendants' index of evidence for noncompliance with Rule 72.2(b)(1). Filing 270 at 7-9. Because that evidence was unnecessary to the Court's determination, the plaintiffs' request is moot. And the plaintiffs asked the Court to restrict access to some of that evidence pursuant to NECivR 5.3. Filing 270 at 9. That, the Court will do: but the plaintiffs are advised that if they want the Court to actually, affirmatively act on something, the better approach is to call it to the Court's attention by filing a motion instead of waiting for the Court to notice a request tucked into the 9th page of a 19 page brief.

*See* filing 267 at 1-13. It's not clear to the Court how separating liability from damages would address that, and it's not even clear that's actually something the defendants are asking for. *See* filing 267 at 13.[2]

Rather, what the defendants really want is to separate Fornari's evidence of damages from the Estate's. *See* filing 267 at 1-13. But, recognizing the problems with trying liability for the same traffic accident twice, they suggest a single trial on liability and then separating the damages claims for one or both plaintiffs. Filing 267 at 13. There is no good reason to undertake such a complicated and time-consuming procedure.

Of course, the Court recognizes its authority to order a separate trial of separate issues or claims. *See* Fed. R. Civ. P. 42(b). Consolidation of cases is inappropriate if it leads to inefficiency, inconvenience, or unfair prejudice to a party. *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998). And when determining whether bifurcation of issues is appropriate, the Court considers the preservation of constitutional rights, clarity, judicial economy, the likelihood of inconsistent results and possibilities for confusion. *Farmers Co-*

---

[2] They do clearly argue in their *reply* brief that they might be prejudiced if evidence of damages is before the jury when it's determining liability. Filing 272 at 2-5. But as just explained, that brief was filed without leave and will be stricken—and in addition, new arguments in a reply brief are also against the Court's rules. *See* NECivR 7.1(c)(2). Even then, the Court would not consider bifurcating liability from damages generally. This is not a case in which evidence of damages might, by its nature, prejudice the jury against the defendants when considering liability. *See, e.g.*, *Beeck v. Aquaslide "N" Dive Corp.*, 562 F.2d 537, 542 (8th Cir. 1977). Nor is this a case in which a finding of no liability is likely. *See, e.g., id.* Rather, it's apparent that the primary issue for trial, at least with respect to the plaintiffs' claims, is determining which defendants were negligent, then apportioning their liability for noneconomic damages. And evidence of the plaintiffs' damages isn't likely to prejudice any particular defendant *vis-à-vis* any other defendant.

*op Co. v. Senske & Son Transfer Co.*, 572 F.3d 492, 499 (8th Cir. 2009); *O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1202 (8th Cir. 1990); *see Koch Fuels, Inc. v. Cargo of 13,000 Barrels of No. 2 Oil*, 704 F.2d 1038, 1042 (8th Cir. 1983). But both of these cases, and all of the claims before the Court, present common issues of law and fact, so it's appropriate to consolidate them and avoid the inefficiency of separate trials involving related parties, witnesses, and evidence. *See HBE*, 135 F.3d at 551.

The defendants present two separate arguments as to why they believe they would be unfairly prejudiced by a consolidated trial on damages. *See* filing 267. First, they assert that Fornari doesn't seem to have sustained serious physical injuries in the accident, while Palmer obviously suffered severe physical trauma. *See* filing 267 at 2-3. They claim that Fornari's "gruesome" testimony about Palmer's injuries—necessary for him to prove damages for negligent infliction of emotional distress, *see Hamilton v. Nestor*, 659 N.W.2d 321, 329-30 (Neb. 2003)—might lead the jury to "view the [Estate's] survival action for pain and suffering differently if the cases are consolidated and conceivably award greater damages." Filing 267 at 3.

The Court agrees: the jury might award the Estate greater damages for Palmer's pain and suffering if that evidence is adduced, *because it's relevant, admissible evidence in a survival action.* Damages in a survival action encompass the decedent's claim for predeath pain and suffering. *See In re Est. of Panec*, 864 N.W.2d 219, 225 (Neb. 2015). Even if these cases were tried separately, Fornari's testimony about the accident and its aftermath would be highly relevant to that issue.[3] The defendants aren't describing unfair

---

[3] The defendants also seem to be arguing that Fornari's testimony might inflate *Fornari's* damages: "a jury would and could be inclined to award greater damages to Fornari even though he was not really physically injured upon hearing the horrific description of [Palmer's]

- 4 -

prejudice—they're just describing the effect of relevant evidence on a contested issue of fact. The defendants argue that Fornari's testimony isn't entirely consistent with other evidence, *see* filing 267 at 9-10, but that's for a jury to determine, not the Court.

The defendants' other argument primarily runs in the opposite direction: they note that the Estate is seeking wrongful death damages for Palmer's death, which include the pecuniary value of losing his support, society, comfort, and companionship. Filing 267 at 4-7; *see Panec,* 864 N.W.2d at 225. But, they argue, Fornari isn't entitled to those damages. So, they say, trying the cases together might lead the jury to award Fornari companionship damages to which he's not entitled, and might even lead the jury to award the Estate damages based on the relationship between Fornari and Palmer. *See* filing 267 at 7. But the jury will be carefully instructed on the different claims, their different elements, and the damages to be awarded for each. The Court's quite confident that the jury will be able to properly follow those instructions.

The Court also notes that this case isn't just about the plaintiffs vs. the defendants: there are also pending cross-claims and counterclaims for property damage and personal injuries allegedly sustained among the defendants. Filing 58; filing 71; filing 75, filing 91. Even if some of the defendants are found not liable *to the plaintiffs*, some of the defendants could still have their own

---

injuries from the same accident. Defendants will be placed in a very difficult position being forced to argue to the jury the very significant differences in their injuries." Filing 267 at 6. It's hard for the Court to make sense of this argument: the defendants are literally just describing a negligent infliction of emotional distress claim. And while it's not clear how Fornari's testimony could be excluded from trial of the Estate's damages, it's even less clear how Fornari's testimony could be excluded from trial of *Fornari's* damages. There's no merit to the defendant's argument, and it's certainly not pertinent to consolidation and bifurcation. The "difficult position" the defendants are in is a result of the accident, not civil procedure.

damages to recover. Nowhere in the defendants' scheme for piecemeal resolution of the plaintiffs' claims do they explain when or how their own clearly intertwined claims will be resolved, nor does an obvious answer present itself other than the one already in place—try all the claims at the same time, to the same jury.

To be clear: all of the claims in this case arise out of a single traffic accident, and the Court is not going to ask more than one jury to try and sort through that evidence and make sense of it. Nor is the Court persuaded that any party will be denied a fair trial by the consolidated trial of these cases and claims. The defendants' objection on this point will be denied.

### LENGTH OF TRIAL

The defendants also complain about these cases being set for a 10-day trial: they expect to need 10 or 15 days just to present their own evidence, after 4 or 5 days for the plaintiffs' case-in-chief. Filing 266 at 1-2. But that objection is premature—*at this point*, perhaps that's how long it would take, but trial doesn't start next Monday. And perhaps all of the parties and all of the claims will eventually be contested at trial, but it would be contrary to the Court's experience for at least some of the parties or claims not to settle out of court.

The defendants should rest assured that they'll be afforded enough time to present their evidence. It has never been this Court's practice to put anyone on a clock. But the expected length of trial can be reassessed with far more accuracy far closer to the trial date. For now, the defendants' objection will be overruled on this point.

IT IS ORDERED:

1. The defendants' objection (case no. 4:19-cv-3030 filing 266, case no. 8:19-cv-565 filing 222) is overruled.

2. The plaintiffs' motion to strike (case no. 4:19-cv-3030 filing 273, case no. 8:19-cv-565 filing 229) is granted.

3. The defendants' reply brief (case no. 4:19-cv-3030 filing 272, case no. 8:19-cv-565 filing 228) is stricken.

4. The Clerk of the Court is directed to restrict access to the defendants' Exhibit C (case no. 4:19-cv-3030 filing 268-3, case no. 8:19-cv-565 filing 223-3) to case participants.

Dated this 1st day of December, 2021.

BY THE COURT:

John M. Gerrard
United States District Judge